NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| AMTRUST AT LLOYD'S LTD., | : | |
| | : | Civil Action No. 14-7761 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | |
| MORGAN BRESLIN, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Plaintiff Amtrust at Lloyd's Ltd. ("Plaintiff" or "Amtrust") for reconsideration of the Court's March 26, 2015 Order transferring this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). Defendant Morgan Breslin ("Defendant" or "Breslin") has opposed the motion.

      In the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(i). Rule 7.1(i) provides that a party may move for reconsideration "within 14 days after the entry of the order or judgment on the original motion" by the court. L.Civ.R. 7.1(i). The moving party must, in the supporting brief, indicate "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not

1

available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)).

Plaintiff argues that the Court committed two manifest errors in its March 26, 2015 ruling.  First, it maintains that the Court incorrectly concluded that Amtrust had failed to raise any argument opposing transfer of this action to a more convenient venue.  Second, Amtrust maintains that the Court misapplied all six of the private interest factors and one of the public interest factors of the transfer analysis set forth in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  Neither one is a clear error of law or fact warranting reconsideration.

According to Amtrust, its arguments concerning the greater convenience of litigating this action in New Jersey rather than California were encompassed by the points it raised in support of keeping this action in New Jersey.  The brief filed in the underlying motion, however, does not mention the governing venue transfer statute at all or the Third Circuit's well-established venue transfer analysis, as set forth in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995.  As the Court noted in the Opinion accompanying its March 26 Order, Amtrust merely argued that New Jersey constitutes an appropriate venue under 28 U.S.C. § 1391, a point which was not in dispute.  Nevertheless, even assuming the Court did overlook Amtrust's arguments in opposition to the § 1404(a) transfer sought by Breslin, Amtrust's motion for reconsideration raises no issue that would alter the conclusion reached by the Court in the March 26 Order.  In

other words, the Court's analysis of the private and public interest factors would arrive at the same result, and thus its holding that Central District of California is a more convenient venue than the District of New Jersey is not manifestly erroneous. Plaintiff may disagree with the Court's application of the factors, but such disagreement is not a basis for reconsideration of the Court's decision. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003).

      Additionally, Plaintiff argues that the first-filed rule militates against transfer of this action, which was filed approximately one month before Breslin initiated his own action against Amtrust concerning the same insurance coverage issue giving rise to this case. This argument is completely unavailing for a number of reasons. The first-filed rule was not raised by Amtrust in its opposition to the underlying motion to transfer, as Defendant points out. Plaintiff contends, essentially, that reconsideration may be granted on the grounds that the Court failed to consider an argument that Plaintiff never actually made. Amtrust does not provide, nor is the Court aware of, any authority for this proposition. Moreover, the first-filed rule does not apply to the venue transfer issue addressed by this Court. "The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues *already before another district court*." E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988) (emphasis added). As the Third Circuit has noted, the rule is used by the district court faced with the duplicative action, to prevent the latter-filed action from proceeding when another district court is already exercising jurisdiction over an almost identical action. Id. The decision to defer to another, earlier-filed proceeding is not one for this Court to make. To the extent that Amtrust may be implying that the principles underlying the first-filed rule should

3

have been considered in the Court's Jumara factors analysis, the circumstances surrounding the initiation of this action, if anything, display the limits of the rule.  The first-filed rule will not apply "when the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." Id. at 976.  The Complaint filed by Amtrust alleges that Breslin was advised of the denial of coverage by correspondence dated December 12, 2014.  On that same date, Amtrust filed this declaratory judgment action in the District of New Jersey.  The timing strongly suggests that Amtrust's simultaneous denial of coverage and filing of this action, before Breslin had the opportunity to bring suit in another forum and possibly before he even knew of the coverage decision, is the kind of inequitable conduct which would weigh against deferring to Amtrust's choice as the first-filed forum.

Accordingly,

**IT IS** on this 5th day of May, 2015,

**ORDERED** that Amtrust's motion for reconsideration of the Court's March 26, 2015 Order [docket entry 28] be and hereby is **DENIED**.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge